## BRUMBAUGH et v COBLENTZ

Ohio Appeals, 2nd Dist, Miami Co

No 318.   Decided Feb 7, 1934

Kerr, Kerr & Kerr, for plaintiff in error. error.

W. Harry Gilbert, Troy, for defendant in error.

### OPINION

By THE COURT

Submitted on application of plaintiffs in error for rehearing upon two grounds, that the court erred in holding:

"First:   That there was a conclusive presumption of law that the service was made upon plaintiffs in error.

Second:   In holding that we were not entitled to a trial to the court and introduce proof to show that we never did receive any notice through the pretended service."

The second is general and reaches the decision in its entirety.  Granted that the court erred in the particular set forth in the "First" ground of the application for rehearing the fact would not be controlling of our determination.  However, upon reconsideration of all of page 6, which relates to the question of presumption incident to service, we are satisfied that it is correct statement of the law.

We call particular attention to the fact that "the petition of plaintiffs in error does not deny the correctness of the return of the sheriff disclosing that service was made as provided by that part of the statute just quoted," referring to a part of §11286 GC authorizing service upon a party "by leaving a copy of it at his usual place of residence."

With this as a premise the conclusion of the opinion in our judgment is sound.

The leading case cited to support the application is **Kingsborough v Tousley et, 56 Oh St, 450,** and particularly the first proposition of the syllabus:

"In an action on a personal judgment, whether rendered by a court of this state or elsewhere, it is competent to plead and prove in defense, though it be in contradiction of the record, that the defendant was not served with process, nor jurisdiction of his person otherwise obtained by the court rendering the judgment."

The facts appearing on pages 450-451 of the onipion are that the defendant by answer averred that when the action against him was commenced before the Justice of the Peace and during its pendency, his domicile and residence was in the State of Illinois, and had been for a long time before that, and so continued to be for a long period thereafter, during which time he was not within the State of Ohio; and, that no summons was served on him, nor other notice given him of the commencement or pendency of the suit; and furthermore, that he did not discover or learn of the judgment rendered by the Justice, until the commencement of the action below, upon it.

Obviously these facts, if true, completely discredited the return of the serving officer that the defendant was served by leaving a copy at his usual place of residence.  The answer denies the service as indicated on the return and denies that any such service could have been made.  In the instant case notice only is denied and the form of service is not questioned.

We feel that further discussion of this case on rehearing would not be helpful, inasmuch as we undertook to carefully discuss it in our original opinion.

The application for rehearing will be overruled.

HORNBECK, PJ, KUNKLE and BARNES, JJ, concur.